UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAUGHN ANTONIO MOORE, | : | |
| Plaintiff, | : | Civ. No. 13-6943 (RBK) (AMD) |
| v. | : | **OPINION** |
| GLOUCESTER COUNTY JAIL, et al., | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff is a pretrial detainee incarcerated at the Gloucester County Jail in Woodbury, New Jersey.  He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained therein and the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names three defendants in this case:  (1) Gloucester County Jail; (2) Sergeant Domanic Capanna; and (3) the Gloucester County Food Service Supervisor.

Plaintiff alleges that the Gloucester County Jail has no religious services for Muslims and does not allow Muslims to practice their religion freely. However, the thrust of the complaint centers on an incident that occurred on August 12, 2012, while plaintiff was detained at the Gloucester County Jail. He claims that he was let out of his jail cell at 4:00 a.m. on that date to receive his morning meal. It was Ramadan and plaintiff needed to eat before sunrise. Upon eating a scrambled egg sandwich, plaintiff states that he felt something in his mouth. It was a piece of a plastic bag. Plaintiff informed Officer Winslow who in turn informed Sergeant Capanna. Capanna ordered that plaintiff give him the plastic. After initially refusing, plaintiff eventually gave Capanna a small piece of the plastic.

Capanna then became upset with plaintiff and told him that he would not be receiving a food tray to replace the one that had the piece of a plastic bag in the eggs. Plaintiff informed Capanna that he believed he had swallowed some of the plastic. Capanna responded that since plaintiff did not choke or die that he would be "o.k." Capanna then told plaintiff that he would be getting smaller portions of food for the rest of Ramadan.

### III.   STANDARD OF REVIEW

A.   Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

A. <u>Gloucester County Jail</u>

Plaintiff first names the Gloucester County Jail as a defendant and argues that the jail does not have religious services for Muslims. However, the Gloucester County Jail is not a proper defendant in this case. Indeed, the jail is not a "person" subject to suit under § 1983. *See Parrish v. Ocean Cnty. Jail*, No. 13-2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail*, No. 12-338, 2013 WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills*, No. 09-4259, 2012 WL 762166, at *4 (D.N.J. Mar. 7, 2012) (dismissing Cumberland County Jail from lawsuit because it is not a person subject to § 1983 liability) (citations omitted). Accordingly, the claims against the Gloucester County Jail will be dismissed with prejudice as any potential amendment as to this particular defendant would be futile.

B. <u>Sergeant Domanic Capanna</u>

Plaintiff raises several claims against Capanna. Plaintiff alleges that Capanna violated his First Amendment rights by not allowing him to practice his religion freely and properly. Additionally, plaintiff claims that his constitutional rights were violated when he was subjected to and threatened to give up the piece of plastic that was found in his food. Plaintiff also asserts that his constitutional rights were violated when he was not given a replacement tray of food and when he was denied medical treatment by Capanna. Each of these claims is considered in turn.

i. *Free Exercise Claim*

Plaintiff states that Capanna violated his right to practice his religion properly or freely. The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. CONST. amend. I. "'Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.'" *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000) (en banc) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). Nevertheless, "[t]he mere assertion of a religious belief does not automatically trigger First Amendment protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." *Id.* at 51.

In this case, plaintiff has identified that he is of the Muslim faith. "The Free Exercise Clause of the First Amendment is violated when the government has 'placed a substantial burden on the observation of a central religious belief or practice' and no 'compelling governmental interests justifies the burden.'" *Torres v. Davis*, 506 F. App'x 98, 101 (3d Cir. 2012) (per curiam) (quoting *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989); *see also Chavis v. United States*, No. 14-2578, 2014 WL 3547851, at *5 (D.N.J. July 17, 2014). "In order to establish a

substantial burden, [a plaintiff] must . . . allege state action that is either compulsory or coercive in nature." *Anspach ex rel. Anspach v. City of Phila. Dep't of Public Health*, 503 F.3d 256, 272 (3d Cir. 2007) (citing *Lee v. Weisman*, 505 U.S. 577, 621 (1992)) (remaining citations omitted).

Plaintiff does not allege facts in the complaint that Capanna placed a substantial burden of the observation of a central religious belief or practice. Indeed, plaintiff's 4:00 a.m. meal was because he was participating in his faith's practice of eating meals before sunrise during Ramadan. There are no allegations that Capanna substantially burdened plaintiff's ability to continue this practice during the holy period of Ramadan. Accordingly, the free exercise claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

  ii. *Threats*

Plaintiff next alleges that Capanna violated his constitutional rights when he threatened plaintiff to give up the plastic that was found in his food. Plaintiff also alleges in the complaint that Capanna threatened him that he would be receiving smaller portions of food during Ramadan.

Allegations of threats or verbal harassment without more do not state a claim under § 1983. *See Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam) ([A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under §1983.") (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *Barber v. Jones*, No. 12-2578, 2013 WL 211251, at *5 (D.N.J. Jan. 18, 2013) (noting that general allegations of verbal abuse unaccompanied by injury or damage are not cognizable under § 1983). In this case, plaintiff does not allege anything beyond Capanna's threats and does not allege any injury accompanying those threats. Indeed, while Capanna threatened plaintiff with smaller food portions, the

complaint does not even allege that Capanna in fact ordered plaintiff to receive smaller food portions. Accordingly, Capanna's purported threats, without any supporting factual allegations that plaintiff suffered any injury or damage, do not state a claim upon which relief can be granted. Therefore, this claim will be dismissed without prejudice.

    iii.    *Replacement Food*

Plaintiff next argues that Capanna violated his constitutional rights when he denied plaintiff a replacement tray of food in light of the piece of a plastic bag he found in his egg sandwich on his original tray of food. In considering such a claim, the issue is whether plaintiff's conditions of confinement violated the Fourteenth Amendment as he is a pretrial detainee. *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline*, 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)) (remaining citation omitted). "An inmate's diet must provide adequate nutrition, but corrections official may not be held liable unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Id.* (citing *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)) (other citations omitted).

In this case, the complaint only alleges that Capanna denied him a replacement meal on this one occasion. A substantial deprivation of food may well be recognized to sufficiently allege a constitutional claim. *See Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983); *Shepler v. Jefferson Cnty. Jail Bd. Member*, No. 13-0521, 2014 WL 122987, at *2 n.5 (W.D. Pa. Jan. 13,

2014); *Gardner v. Lanigan*, No. 13-7064, 2013 WL 6669230, at *3 n.4 (D.N.J. Dec. 18, 2013) (citations omitted); *Duran v. Merline*, 923 F. Supp. 2d 702, 721 (D.N.J. 2013) (citations omitted). However, plaintiff does not offer facts to show with some plausibility that he endured such a substantial deprivation as he only alleges that one meal was affected. *Accord Nickles v. Taylor*, Nos. 09-0313, 09-0557, 09-0679, 09-0952, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010) ("Plaintiff offers no facts to show that he endured such a substantial deprivation. A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities. There is no evidence showing that CCCF staff frequently served Plaintiff spoiled food, or that a significant portion of his diet consisted of spoiled food. Without such evidence, Plaintiff cannot establish an Eighth Amendment violation.") (citing *Brown v. Sobina*, No. 08-128E, 2009 WL 5173717, at *6-7 (W.D. Pa. Dec. 29, 2009)). Accordingly, this one-meal incident does not amount to a substantial deprivation of life's necessities. Therefore, this claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

      iv.    *Medical Care*

Plaintiff also alleges that Capanna violated his Fourteenth Amendment right to medical care when he denied him medical treatment after plaintiff had told him he believed that he had swallowed some of the plastic in his food. To establish a Fourteenth Amendment violation, plaintiff must allege that Capanna acted with deliberate indifference to his serious medical needs. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (citing *Helling*, 509 U.S. at 32); *see also Troy D. v. Mickens*, 806 F. Supp. 2d 758, 772 n.28 (D.N.J. 2011) (noting that a pretrial detainee's right to medical care is analyzed under the same standard as would be an inmate under the Eighth Amendment, specifically, deliberate indifference to a person's serious medical needs)

(citing *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 584 (3d Cir. 2004); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995)). A serious medical need has been defined as: "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognized the necessity for a doctor's attention.'" *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Additionally, "a medical need is also serious where the denial of treatment would result in the unnecessary and wanton infliction of pain or a life-long handicap or permanent loss." *Id.* at 273 (internal quotation marks and citations omitted).

In this case, plaintiff has failed to state a claim as he has not alleged a serious medical need. Plaintiff does not allege becoming ill or having any other physical symptoms resulting from eating the piece of plastic that was purportedly in his egg sandwich. Thus, it would not have been obvious to Capanna that he should allow plaintiff to see medical personnel. *Accord Wassil v. Castro*, No. 13-6020, 2014 WL 988479, at *6 (S.D. W. Va. Mar. 12, 2014) ("Plaintiff does not allege becoming ill or having any other physical symptoms resulting from exposure to the food. It is therefore not 'obvious' that Mr. Wassil should be allowed to see a doctor."). Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

C. Gloucester County Food Service Supervisor

Finally, plaintiff names the Gloucester County Food Service Supervisor as a defendant. He claims that the supervisor prepared the food that had the plastic in it. To state a claim against this unnamed supervisor, plaintiff must allege that he suffered a deprivation that was objectively sufficiently serious that resulted in the denial of the minimal civilized measure of life necessities and that the responsible prison official acted with deliberate indifference to plaintiff's health or

9

safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). While the discovery of plastic in his food on August 12, 2012 would certainly be unpleasant, plaintiff does not allege that he was served contaminated food on any other occasion. As such, this one time discovery of a foreign object in his food, without more, is insufficient to state a claim upon which relief can be granted. *Accord Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected.") (footnote omitted); *McKinney v. Gloria*, No. 11-4188, 2012 WL 1521853, at *4 (E.D. Pa. Apr. 30, 2012) ("McKinney's claim against these Defendants is based solely on a single instance in which they served him food contaminated with mouse droppings. McKinney does not allege he was served contaminated food on any other occasion. Such allegations, while undoubtedly upsetting, do not rise to the level of an Eighth Amendment violation.") (citations omitted); *Murray v. Allen*, No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010) ("[A]n occasional incident of a foreign object finding its way into [prison] food, while regrettable, does not raise a question of constitutional proportion.") (internal quotation marks and citations omitted); *Robinson v. Danberg*, 729 F. Supp. 2d 666, 682-83 (D. Del. 2010) (citing *Smith v. Younger*, 187 F.2d 638 (6th Cir. 1999); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)). Plaintiff does not allege that the unnamed supervisor purposefully placed the plastic in plaintiff's food. *See Robinson*, 729 F. Supp. 2d at 683 (permitting claim against two defendants to proceed past screening where plaintiff alleged that defendants admitted placing metal in his food). Thus, the claim against the unnamed Gloucester County Food Service Supervisor will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the foregoing reasons, the claims against the Gloucester County Jail will be dismissed with prejudice. Plaintiff's claims against Sergeant Domanic Capanna and the Gloucester County Food Service Supervisor will be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.


DATED:   August 5, 2014

                                            s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge